**U.S. Department of Justice**

United States Attorney
Western District of Washington

---

*Please reply to:*
*Jonas Lerman*
*Assistant United States Attorney*
*Direct Line: (206) 588-9582*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle, WA 98101-1271*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA 98402-4305*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

May 14, 2024

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94013

      Re:    *United States v. Alston*, No. 23-30035
              Oral argument scheduled for July 10, 2024, in Seattle

Dear Ms. Dwyer:

      Last week, a divided panel of this Court held that 18 U.S.C. § 922(g)(1) violated the Second Amendment as applied to a defendant with five prior "nonviolent" felonies. *United States v. Duarte*, No. 22-50048. Today, the government petitioned for rehearing en banc and requested an expedited order vacating the panel's decision.

      In any event, the panel's decision in *Duarte* does not affect the validity of Defendant-Appellant Kendall Alston's section 922(g)(1) convictions.

      First, Alston is nothing like the defendant in *Duarte* because he is a violent felon. Alston's criminal history includes multiple felony convictions for burglary and domestic-violence assault, among other serious crimes.[1] Alston is in Guidelines criminal history category VI (the highest), and the district court found him dangerous.[2]

      Second, Alston's prior convictions would have been considered serious crimes in the Founding era. The *Duarte* majority indicated that a felon cannot be disarmed unless his prior felony is "distinctly similar" to a Founding-era analogue that would have been punishable with execution, life in prison, or permanent forfeiture of the offender's estate. Slip Op. 61. Alston's violent criminal history contains such convictions. Burglary, for example, was punishable by death. *United States v. Coombes*, 629 F. Supp. 3d 1149, 1163 (N.D. Okla. 2022) (collecting English and early American authorities).

---

[1] Answering Br. 2–3; PSR ¶¶ 38–54.
[2] SER-22, 49–50, 221–23; Answering Br. 11, 70–71; PSR ¶ 56.

Third and finally, Alston did not possess a firearm "for self-defense" or any other lawful purpose. *Duarte*, Slip Op. 63. The Second Amendment protects "bearing arms for a lawful purpose." *Dist. of Columbia v. Heller*, 554 U.S. 570, 620 (2008) (quoting *United States v. Cruikshank*, 92 U.S. 542, 553 (1875)). But Alston possessed firearms while committing other serious felonies *in this case.* He possessed his revolver while committing a "felony theft," and he possessed his pistol in furtherance of a drug-trafficking crime (dealing fentanyl).[3] Moreover, while Alston asserts a Second Amendment challenge to his convictions under section 922(g)(1), he asserts no such challenge to his conviction for possessing his pistol in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c).[4]

Thus, *Duarte* does not affect the validity of Alston's convictions or sentence.

Yours truly,

TESSA M. GORMAN
United States Attorney

*s/ Jonas Lerman*
JONAS LERMAN
Assistant United States Attorney

---

[3] SER-22; PSR ¶¶ 7–9; Answering Br. 69–71.
[4] Answering Br. 69 n.16.