**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Jonas Lerman*
*Assistant United States Attorney*
*Direct Line: (206) 588-9582*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle, WA 98101-1271*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA 98402-4305*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

June 13, 2024

Molly Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94013

      Re:    *United States v. Alston*, No. 23-30035
             Oral argument scheduled for July 10, 2024, in Seattle

Dear Ms. Dwyer:

      Yesterday, this Court issued an unpublished decision that refutes one of defendant Kendall Alston's central arguments on appeal. Alston argues that although he failed to raise his as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1) before trial—and although the Supreme Court decided *Bruen* more than one month before his trial—he may raise his *Bruen*-based Second Amendment claim for the first time on appeal because he has shown "good cause." Opening Br. 34–35; Answering Br. 24–26; Reply Br. 15.

      The Court rejected that argument in *United States v. Jones*, No. 23-422 (9th Cir. June 12, 2024) (attached). Like Alston, the defendant in *Jones* failed to raise his as-applied Second Amendment challenge to section 922(g)(1) before trial, "as required by Federal Rule of Criminal Procedure 12(b)(3)." Slip Op. 5. The Court noted that it "'may consider the defense . . . if the party shows good cause.'" Slip Op. 5 (quoting Fed. R. Crim. P. 12(c)(3)). But the Court concluded that Jones "has not shown good cause." Slip Op. 6. His *Bruen*-based Second Amendment claim "could have been raised prior to the start of his trial," given that "*Bruen* was decided eighteen days before Jones's trial began." *Id.*

      That reasoning applies with even greater force here: *Bruen* predated Alston's trial by more than one month. Answering Br. 25; *see* Reply Br. 15 ("Mr. Alston's challenge rests on *Bruen* . . . . He recognizes that he could have but did not raise the issue before trial.").

      The *Jones* panel also held that even though this Court's 2010 decision in *Vongxay* "foreclosed Jones's [Second Amendment] argument before *Bruen*, his briefing on appeal

demonstrates that he could have argued *Bruen*'s incompatibility with *Vongxay* to overcome that hurdle. Instead, he waited until this appeal to make the attempt." Slip Op. 6.

Again, the same holds true here. Just like the defendant in *Jones*, Alston "lacked good cause for failing to raise the Second Amendment issue before trial," so this Court should decline to consider the claim and "affirm [his] conviction for violating § 922(g)(1)." Slip Op. 6.

                                                                                             Yours truly,

                                                                                             TESSA M. GORMAN
United States Attorney

*s/ Jonas Lerman*
JONAS LERMAN
Assistant United States Attorney
Western District of Washington

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-422 |
| Plaintiff - Appellee, | D.C. No. 1:21-cr-00004-TMB-MMS-1 |
| v. | MEMORANDUM* |
| DUSTIN OLIVER JONES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted May 20, 2024
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Dustin Jones appeals his convictions for possession with intent to distribute controlled substances, 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. Jones first challenges the lawfulness of his convictions on the theory that

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

certain evidence of drug and firearm possession should have been suppressed because it was obtained in violation of the Fourth Amendment. None of his Fourth Amendment arguments withstands scrutiny.

As a threshold matter, we conclude that Jones's boat was a vehicle, not a home, for Fourth Amendment purposes. In conducting this inquiry, we look to whether the boat was: (1) "readily mobile" such that "it could readily have been moved beyond the reach of the police"; (2) "subject to extensive regulation and inspection"; and (3) "the vehicle was so situated that an objective observer would conclude that it was being used not as a residence, but as a vehicle." *California v. Carney*, 471 U.S. 386, 393 (1985) (citation omitted). Although the boat was anchored, it was still readily mobile—the boat was located near open waterways, and an anchor could be raised in less time than it would take for officers to obtain a warrant. *See United States v. Albers*, 136 F.3d 670, 673 & n.3 (9th Cir. 1998) (explaining that a boat's being on "open waters on a large lake" and not "permanently moored" weighed in favor of it being a vehicle). It appears that the boat was not subject to inspection by the State when it was not in operation, *see* Alaska Stat. Ann. § 16.05.480, but because it was not permanently moored or connected to utilities, an objective observer would likely believe that Jones's boat was being used as a vehicle, not a residence, *see Albers*, 136 F.3d at 673 n.3; *Carney*, 471 U.S. at 394 n.3. Together, these considerations persuade us that Jones's vessel

was a vehicle for Fourth Amendment purposes.[1]

Our court has not decided what standard must be met to justify entry of a large vehicle to execute an arrest warrant. But even assuming the standard is as high as that required to enter a home, that standard was met here. To enter a dwelling for the purpose of executing an arrest warrant, law enforcement must have "reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). We have concluded that the requirement of reasonable belief "embodies the same standard of reasonableness inherent in probable cause." *United States v. Gorman*, 314 F.3d 1105, 1111 (9th Cir. 2002). The officers met that standard in this case.

Probable cause requires only a "fair probability" considering the totality of the circumstances, "not certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (citation omitted). The facts known to the police when they boarded Jones's boat were enough to support a fair probability that Jones was on board. They knew that the vessel was registered to Jones. They had a tip from an identified source confirming that Jones

---

[1] Our decision in *United States v. Alfonso*, 759 F.2d 728 (9th Cir. 1985), is not to the contrary. *Alfonso*, which was decided before *Carney*, involved the search of an individual cabin on a cargo ship subject to search at the border. *Id.* at 732. Jones's vessel is more akin to the houseboat in *Albers*, both in size and in its ability to be used as a private vehicle. Even if "private living quarters" within a large ship "are at least analogous to a private dwelling," *id.* at 737–38, that does not guarantee those quarters the same privacy protections as a home, *see id.* at 738 (applying "the same level of reasonable suspicion" standard required to search the ship more broadly to the search of the living quarters).

3

had been aboard the craft in recent days. Surveillance had revealed that a man had also recently been receiving visitors on the boat. And when the police arrived, they found a jet ski tied up alongside the vessel and the bilge pump operating. The district court found the officers' testimony about the usual operation of bilge pumps to be credible and therefore found the running bilge pump to be a "significant fact" indicating that someone was aboard the boat, and this conclusion was not clearly erroneous. The possibility that Jones had left the boat or that someone other than Jones was aboard did not negate probable cause. *Cf. United States v. Diaz*, 491 F.3d 1074, 1076–78 (9th Cir. 2007). The officers' entry upon Jones's boat was therefore reasonable.

In addition, the knock-and-announce rule does not extend to vehicles, so the officers' failure to announce their purpose before boarding the boat did not render their entry unreasonable. *See United States v. Guzman-Padilla*, 573 F.3d 865, 889 (9th Cir. 2009).

The officers' protective sweep of the boat after they had detained Jones was also reasonable. Law enforcement personnel are permitted to conduct "a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others." *Maryland v. Buie*, 494 U.S. 325, 327 (1990). "[T]he searching officer [must] possess[] a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to

those on the arrest scene." *Id.* at 337. The officers arresting Jones possessed this reasonable belief. Again, multiple men had been seen repeatedly visiting the boat. When the officers found Jones, he was attempting to conceal himself. These facts were enough to give rise to a "legitimate concern that other occupants may have been concealed within." *United States v. Wiga*, 662 F.2d 1325, 1333 (9th Cir. 1981).

The officers' protective sweep was also properly limited. The cabin search lasted only about "three and a half minutes." Nothing in the record indicates that the search was more than cursory. The firearms and evidence of drug use were apparently in plain view. One of the officers who conducted the sweep testified that he was careful not to move or open anything, and the district court found this testimony to be credible. In short, nothing the officers did while conducting a protective sweep of the vessel for other occupants ran afoul of the Fourth Amendment.

We therefore conclude that the district court did not err in admitting the evidence of drug and firearm possession, discovered on Jones's boat, at Jones's trial.

2. Jones also challenges the validity of his conviction for being a felon in possession of a firearm by arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to him. Although Jones forfeited this argument by failing to raise it before trial as required by Federal Rule of Criminal Procedure 12(b)(3), we "may consider the defense . . . if the party shows good cause." Fed. R. Crim.

5

P. 12(c)(3). Jones, however, has not shown good cause for failing to raise this Second Amendment challenge to his indictment before trial.

Good cause can exist when binding precedent forecloses an argument before trial begins. *United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014). Jones's argument—that under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the Second Amendment prohibits the federal government from punishing him for possessing a firearm—could have been raised prior to the start of his trial. *Bruen* was decided eighteen days before Jones's trial began. And although our decision in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010), foreclosed Jones's argument before *Bruen*, his briefing on appeal demonstrates that he could have argued *Bruen*'s incompatibility with *Vongxay* to overcome that hurdle. Instead, he waited until this appeal to make the attempt. We therefore conclude that Jones lacked good cause for failing to raise the Second Amendment issue before trial. Accordingly, we affirm Jones's conviction for violating § 922(g)(1).

**AFFIRMED.**